UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAURA LEE JACOBSON,

Plaintiff,

v.

KINGS COUNTY DEMOCRATIC COUNTY
COMMITTEE; JUDICIAL SCREENING
COMMITTEE FOR THE DEMOCRATIC PARTY
IN AND FOR KINGS COUNTY; FRANK R.
SEDDIO Individually and in His Official and
Representative Capacity as County Chair of the
Kings County Democratic County Committee;
MARTIN W. EDELMAN Individually and in His
Official and Representative Capacity as Chairperson
of the Judicial Screening Committee for the
Democratic Party in and for Kings County; STEVEN
R. FINKELSTEIN; STEVE DECKER; ABAYOMI
O. AJAIYEOBA; and, JOHN AND JANE DOES ##
1-20, so named as their identities are not yet known,
intended to represent persons who had access to
confidential records of and/or confidential candidate-
interview by, the Judicial Screening Committee for
the Democratic Party in and for Kings County
pertaining to plaintiff, who disclosed such materials
outside of the committee to defendant Seddio,
defendant Kings County Democratic County
Committee, defendant Kings County Democratic
County Committee's media consultant George Artz,
members of the public and/or the media,

Defendants.

Civil Action No.: 1:16-cv-04809

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MARTIN W. EDELMAN,
STEVEN R. FINKELSTEIN, STEVE DECKER, ABAYOMI O. AJAIYEOBA AND THE
UNNAMED MEMBERS OF THE JUDICIAL SCREENING COMMITTEE'S MOTION
TO DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................ii-vii

PRELIMINARY STATEMENT ..................................................................................1

RELEVANT FACTS ..................................................................................................2

STANDARD OF REVIEW .........................................................................................3

ARGUMENT ...............................................................................................................3

I.      Neither the Committee nor its Members Are State Actors ...................................3

        A.      Decisions of a Political Party on Internal Affairs Do Not Constitute
                State Action.................................................................................................4

        B.      Plaintiff's Claims Pertain to the Internal Affairs of the Committee .......6

II.     Plaintiff Cannot Allege a "Class of One" ...........................................................9

        A.      The Committee's Actions Were Discretionary and Cannot Be the Basis of a
                "Class of One Claim"..................................................................................9

        B.      None of Plaintiff's Comparators are Identical in all Relevant Respects ..............10

III.    Plaintiff Does Not Have a Property Interest that is Entitled to Constitutional
        Protection ..........................................................................................................12

IV.     Because Plaintiff Cannot Establish a Constitutional Claim, Her Claim of Conspiracy
        to Commit a Constitutional Violation Also Fails .............................................. 12

V.      The Committee Members Have Qualified Immunity .........................................13

VI.     Plaintiff's Claim for Libel and Slander Should Be Dismissed Because Defendants'
        Alleged Statements Are Protected Opinion ......................................................16

VII.    Plaintiff Fails to State a Contract Claim ..........................................................18

VIII.   Plaintiff Fails to State a Constitutional Claim Under the New York State Constitution...19

IX.     Plaintiff Has No Valid Claim for Injunctive Relief ...........................................19

CONCLUSION.........................................................................................................21

## TABLE OF AUTHORITIES

Cases

*96 Fifth Ave. Corp. v. Greenberg*,
  180 Misc. 614, 44 N.Y.S.2d 231 (N.Y. Mun. Ct. 1943) *aff'd* sub nom. *96 Fifth Ave.
  Realty Corp. v. Greenberg*, 181 Misc. 142, 47 N.Y.S.2d 222 (App. Term 1944) .................... 14

*Annis v. County of Westchester*,
  136 F.3d 239 (2d Cir.1998) ......................................................................................................... 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................... 3

*Ass'n for Pres. Of Freedom of Choice, Inc. v. Wadmond*,
  215 F. Supp. 648 (S.D.N.Y. 1963) ............................................................................................. 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................... 3

*Birch v. City of New York*,
  184 F. Supp. 3d 21 (E.D.N.Y. 2016) *aff'd,* 675 F. App'x 43 (2d Cir. 2017) ............................ 15

*Birnbaum v. Trussell*,
  371 F.2d 672 (2d Cir. 1966) ...................................................................................................... 13

*Blank v. Heineman*,
  771 F. Supp. 1013 (D. Neb. 1991) .............................................................................................. 5

*Brackin v. Anson*,
  585 F. App'x. 991 (11th Cir. 2014) .......................................................................................... 10

*Cal. Democratic Party v. Jones*,
  530 U.S. 567 (2000) ................................................................................................................... 7

*Carroll v. President and Comm'rs of Princess Anne*,
  393 U.S. 175, 89 S. Ct. 347, 21 L.Ed.2d 325 (1968) ............................................................... 20

*Connell v. Signoracci*,
  153 F.3d 74 (2d Cir. 1998) ........................................................................................................ 15

*Conyers v. Rossides*,
  558 F.3d 137 (2d Cir. 2009) ....................................................................................................... 9

*Cranley v. Nat'l Life Ins. Co. of Vt.*,
  318 F.3d 105 (2d Cir. 2003) ........................................................................................................... 4

*Crippen v. Town of Hempstead*,
  2013 WL 1283402 (E.D.N.Y. 2013) .......................................................................................... 10

*Daniels v. Provident Life & Cas. Ins. Co.*,
  No. 00-CV-0668E, 2002 WL 31887800 (W.D.N.Y. Dec. 4, 2002) ......................................... 18

*Democratic Party of United States v. Wisconsin*,
  450 U.S. 107 (1981) ...................................................................................................................... 8

*E. Metals Corp. v. Martin*,
  191 F. Supp. 245 (S.D.N.Y. 1960) ............................................................................................ 14

*Engquist v. Oregon Dep't of Agriculture*,
  553 U.S. 591 (2008) ................................................................................................................ 9, 10

*Epstein v. Board of Trustees of Dowling College*,
  152 A.D.2d 534, 543 N.Y.S.2d 691 (2d Dep't 1989) ............................................................... 17

*Fahey v. Darigan*,
  405 F. Supp. 1386 (D.Rhode Is.1975) ......................................................................................... 5

*Ferriera v. Town of East Hampton*,
  56 F. Supp. 3d 211 (E.D.N.Y. 2014) ......................................................................................... 10

*Flagg Bros., Inc. v. Brooks*,
  436 U.S. 149 (1978) ...................................................................................................................... 4

*Fox v. Board of Trustees of State Univ. of N.Y.*,
  42 F.3d 135 (2d Cir.1994) ........................................................................................................... 19

*Gomez v. Toledo*,
  446 U.S. 635 (1980) ...................................................................................................................... 6

*Gregory v. Inc. Vill. of Centre Island*,
  2015 WL 5093623 (E.D.N.Y. 2015) .......................................................................................... 10

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) .................................................................................................................... 13

*Hunter v. Bryant*,
  502 U.S. 224 (1991) ........................................................................................................ 13-14, 15

*In re RCN Litig.*,
   No. 04-5068 (SRC), 2006 WL 753149 (D. N.J. Mar. 21, 2006)................................................ 15

*Kasper v. Bd. of Election Comm'rs of the City of Chicago*,
   814 F.2d 332 (7th Cir.1987)............................................................................................................ 6

*Kurzon v. Democratic National Committee,*
   197 F. Supp. 3d 638 (S.D.N.Y. 2016) ....................................................................................... 8, 19

*Lawson v. Murray*,
   515 U.S. 1110, 115 S. Ct. 2264, 132 L. Ed. 2d 269 (1995) ....................................................... 20

*Levine v. McCabe*,
   357 F.Supp.2d 608 (E.D.N.Y. 2005) *aff'd* 327 F. App'x. 315 (2d Cir. 2009) .......................... 12

*Levittown Norse Associates v. Joseph P. Day Realty Corp.*,
   150 A.D.2d 263, 541 N.Y.S.2d 421 (1st Dep't 1989).................................................................. 17

*Lugar, v. Edmondson Oil Co.*,
   457 U.S. 922 (1982) ....................................................................................................................... 3

*Lynch v. Ackley*,
   811 F.3d 569 (2d Cir. 2016)........................................................................................................... 16

*Madsen v. Women's Health Ctr., Inc.*,
   512 U.S. 753 (1994) ...................................................................................................................... 20

*Mancuso v. Dunbar*,
   2010 WL 466004 (D. Conn. Feb. 5, 2010) ................................................................................. 10

*Mann v. Abel*,
   10 N.Y.3d 271 (2008) .................................................................................................................... 16

*Matusick v. Erie County Water Authority*,
   757 F.3d 31 (2d Cir. 2014).............................................................................................................. 13

*Max v. Republican Comm. of Lancaster Cnty.*,
   587 F.3d 198 (3d Cir.2009)......................................................................................................... 5, 8

*McGuan v. Aldana-Bernier*,
   752 F.3d 224 (2d Cir. 2014).............................................................................................................. 4

*Montano v. Lefkowitz*,
   575 F.2d 378 (2d Cir. 1978)............................................................................................................. 6

*Mullenix v. Luna,*
  136 S. Ct. 305 (2015) ............................................................................................. 14

*Nabatkhorian v. Cty. of Nassau,*
  No. 12-CV-1118 JS, GRB, 2013 WL 1233247 (E.D.N.Y. Mar. 27, 2013) ................................ 4

*Neilson v. D'Angelis,*
  409 F.3d 100 (2d Cir. 2005) ...................................................................................... 10

*Neuman v. Ocean Cty. Democratic Cty. Comm.,*
  No. CV 16-2701 (FLW), 2017 WL 396443 (D. N.J. Jan. 30, 2017) ........................................ 5

*New York State Board of Elections v. Lopez Torres,*
  552 U.S. 196 (2008) ............................................................................................. 7, 8

*New York Times Co. v. Sullivan,*
  376 U.S. 254 (1964) .............................................................................................. 18

*Organization for a Better Austin v. Keefe,*
  402 U.S. 415, 91 S. Ct. 1575 (1971) ............................................................................ 20

*Pangburn v. Culbertson,*
  200 F.3d 65 (2d Cir. 1999) ...................................................................................... 13

*Pearson v. Callahan,*
  129 S. Ct. 808 (2009) ......................................................................................... 13, 15

*Pignanelli v. Pueblo School Dist. No. 60,*
  540 F.3d 1213 (10th Cir. 2008) ................................................................................. 10

*Ponterio v. Kaye,*
  328 F. App'x. 671 (2d Cir. 2009) ................................................................................. 9

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.,*
  507 F.3d 117 (2d Cir. 2007) ...................................................................................... 3

*Powers v. Coe,*
  728 F.2d 97 (2d Cir.1984) ......................................................................................... 6

*Prestopnik v. Whelan,*
  249 F. App'x. 210 (2d Cir.2007) ........................................................................... 9, 10, 11

*Rendell-Baker v. Kohn,*
  457 U.S. 830 (1982) ............................................................................................... 4

*Rinaldi v. Holt, Rinehart & Winston, Inc.*,
    42 N.Y.2d 369 (1977) ................................................................................. 11, 16, 17, 18

*Ringgold v. United States*,
    553 F.2d 309 (2d Cir.1977) ............................................................................... 19-20

*Roberts v. United States Jaycees*,
    468 U.S. 609 (1984) ................................................................................................ 7

*Seergy v. Kings Cty. Republican Cty. Comm.*,
    459 F.2d 308 (2d Cir. 1972) .................................................................................... 5

*Seung Jin Lee v. Tai Chul Kim*,
    16 Misc. 3d 1118(A), 847 N.Y.S.2d 899 (Sup. Ct. Nassau Cnty. Aug. 2, 2007) .................... 17

*Shor Int'l Corp. v. Eisinger Enterprises, Inc.*,
    No. 90-CV-2353, 2000 WL 1793389 (S.D.N.Y. Dec. 5, 2000) ................................... 18

*Silverstein v. Lawrence Union Free School District*,
    2011 WL 1261122 (E.D.N.Y. Feb. 15, 2011) .......................................................... 9

*Singer v. Fulton County Sheriff*,
    63 F.3d 110 (2d Cir. 1995) ................................................................................... 13

*Snyder v. Third Dep't Judicial Screening Comm.*,
    18 A.D.3d 1100 (3d Dep't 2005) ............................................................................ 5

*Starr v. Sony BMG Music Entm't*,
    592 F.3d 314 (2d Cir. 2010) ................................................................................... 3

*Stolow v. Greg Manning Auctions Inc.*,
    258 F. Supp. 2d 236 (S.D.N.Y. 2003) .................................................................. 19

*Swartz v. Mayor's Committee on the Judiciary of the City of New York*,
    816 F.2d 54 (2d Cir. 1987) ................................................................................... 12

*Tashjian v. Republican Party of Connecticut*,
    479 U.S. 208 (1986) ............................................................................................... 8

*Taylor v. Barkes*,
    135 S. Ct. 2042 (2015) ......................................................................................... 14

*Thompson v. Rizzitelli*,
    No. 3:10CV71 JBA, 2011 WL 1215190 (D. Conn. Mar. 29, 2011) ........................... 5

*Tiraco v. New York State Bd. of Elections*,
    963 F. Supp. 2d 184 (E.D.N.Y. 2013)........................................................................ 9

*Treppel v. Biovail Corp.*,
    *No. 03-CV-3*, 002, 2004 WL 2339759 (S.D.N.Y. Oct. 15, 2004)............................. 18

*Valenti v. Pennsylvania Democratic State Committee*,
    844 F. Supp.  1015 (M.D. Pa. 1994) ......................................................................... 5

*Vill. of Willowbrook v. Olech*,
    528 U.S. 562 (2000) ................................................................................................. 11

*Vittieri v. Inc. Village of Bayville*,
    831 F. Supp. 2d 583 (E.D.N.Y. 2011)...................................................................... 10

*Weiss v. Inc. Vill. of Sag Harbor*,
    762 F. Supp. 2d 560 (E.D.N.Y. 2011)........................................................................ 6

*White v. Pauly*,
    137 S. Ct. 548 (2017) .......................................................................................... 14, 16

*Williams v. Varig Brazilian Airlines*,
    169 A.D.2d 434 (1st Dep't 1991).............................................................................. 17

*Yassky v. Kings Co. Democratic Comm.*,
    259 F. Supp. 2d 210 (E.D.N.Y. 2003)........................................................................ 6

*Zieper v. Metzinger*,
    474 F.3d 60 (2d Cir.2007)......................................................................................... 13

Defendants Martin W. Edelman, Steven R. Finkelstein, Steve Decker, Abayomi O. Ajaiyeoba, and the unnamed members of the Judicial Screening Committee for the Democratic Party in and for Kings County (the "Committee") submit this memorandum of law in support of their motion to dismiss Plaintiff Laura Lee Jacobson's Complaint for failure to state a cause of action.

## PRELIMINARY STATEMENT

In two lengthy pre-motion hearings, this Court searchingly questioned Plaintiff's counsel as to the basis for the claims set forth in the Complaint. The Court identified several defects in the Complaint but Plaintiff has presented nothing to the Court to cure those defects. Those defects include the following:

First, the Complaint fails to allege a basis for the contention that the members of the Judicial Screening Committee are state actors. Their function was not created or mandated by state law, they have no power to nominate or elect members to the Judiciary, and their recommendations are merely advisory to the members of the Judicial Convention. The Committee's recommendations also have no binding effect on the voters who are free to choose the various parties' Conventions' choices or candidates who petition to get on the ballot.

Second, Plaintiff cannot establish an Equal Protection claim under her "class of one" theory because candidates for public positions such a Plaintiff cannot assert such claims as a matter of law.

Third, Plaintiff fails to adequately allege similarity between herself and other persons to whom she wishes to compare herself as part of a "class of one" theory.

Fourth, the members of the Committee are entitled to qualified immunity because, as Plaintiff's own counsel admits, there is no clear and unequivocal case law that establishes either

1

that the members of the Committee are state actors or that Plaintiff would have a constitutional claim based upon alleged procedural regularities in the Committee's deliberations.

Fifth, Plaintiff fails to allege a claim for defamation under state law because the statements of which she complains are statements of opinion that are constitutionally protected.

Sixth, Plaintiff fails to state a contract claim because the alleged failure of the Committee to follow its own rules does not establish a contract claim under state law.

Seventh, Plaintiff's state constitutional claims fail for the same reasons as her federal claims.

Finally, even if Plaintiff stated a valid constitutional or state claim, Plaintiff is not entitled to any injunctive relief because she lacks standing for any injunction that would affect future candidates for judicial office and there is no remedy that she cites that would ameliorate any constitutional violations that she might have suffered.

For all these reasons, the Complaint should be dismissed.

### RELEVANT FACTS

Plaintiff was a sitting Justice of the Kings County Supreme Court in the State of New York who in 2016 was seeking re-election. She received a "not recommended" rating from the Democratic Party of King's County. Plaintiff appealed the Committee's decision but her appeal was unsuccessful. She then advised the Committee that she wished to withdraw her application with prejudice. After the withdrawal, unfavorable news articles appeared in the local press which resulted in plaintiff bringing this action.

Plaintiff claims that her constitutional rights, and in particular her right to equal protection, were violated because (1) the Committee allegedly did not follow its own rules in deciding to find her "not qualified" for the position of Supreme Court justice; (2) the Committee allegedly violated its own rules when one or more of the Defendants allegedly disclosed to the press certain facts

concerning the review process; and (3) the Committee allegedly violated its own rules when it allegedly did not give Plaintiff adequate notice of concerns that the Committee had with regard to her performance as a Supreme Court Justice.   She also alleges a conspiracy to violate her constitutional rights and various pendant state claims, including a contract claim based upon the Committee's rules and a slander/defamation claim.

## STANDARD OF REVIEW

To withstand a motion under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A court must accept all factual allegations as true, but must "giv[e] no effect to legal conclusions couched as factual allegations." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010), citing *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.,* 507 F.3d 117, 121 (2d Cir. 2007).   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," however, dismissal is appropriate. *Starr,* 592 F.3d at 321, citing *Iqbal*, 556 U.S. at 678.

## ARUGMENT

**I.     Neither the Committee Nor Its Members Are State Actors.**

Plaintiff's federal claims against the members of the Committee must be dismissed because its members are not state actors and none of the transgressions alleged by Plaintiff amount to "state action."

In order to state a claim under Section 1983, a plaintiff must allege "(1) the defendant acted under color of state law; and (2) as a result of the defendant[s'] actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges." *Annis v. County of Westchester,* 136 F.3d 239, 245 (2d Cir.1998); *Lugar, v. Edmondson Oil Co.*, 457 U.S. 922, 927

3

(1982); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155–56 (1978).

Section 1983 does not generally reach the conduct of private actors.  *Nabatkhorian v. Cty. of Nassau*, No. 12-CV-1118 JS GRB, 2013 WL 1233247, at *12 (E.D.N.Y. Mar. 27, 2013)("Only in limited circumstances will courts recognize that a private individual may be subject to liability under Section 1983").  The Supreme Court has made clear that "the relevant question is not simply whether a private group is serving a 'public function' . . . [T]he question is whether the function performed has been 'traditionally the *exclusive* prerogative of the State.'"  *Id*, quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 82 (1982)(emphasis in original).   There "must be such a close nexus between the [state] and the challenged action' that the state is *responsible* for the specific conduct of which plaintiff complains." *Cranley v. Nat'l Life Ins. Co. of Vt*., 318 F.3d 105, 112 (2d Cir. 2003)(emphasis in original).

"A private entity is a state actor when '(1) the State compelled the conduct (the compulsion test), (2) there is a sufficiently close nexus between the State and the private conduct (the close nexus test or joint-action test), or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the state (the public function test)." *McGuan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014)(internal citations omitted).

A.   **Decisions of a Political Party on Internal Affairs Do Not Constitute State Action.**

Here, the Complaint rests entirely upon the conclusory claim, made without citation, that the Judicial Screening Committee has been delegated authority by the state to designate a slate of approved nominees to be considered by delegates at the Judicial Convention.  See Amended Complaint at ¶¶ 6-7.  That allegation is false as a matter of law:  the Committee was not created, mandated or even mentioned in state law and was created solely by the internal decision of the King's County Democratic Committee.

4

Actions taken by a political party that affect its internal affairs are not "state action" even if those actions affect a public function. *Seergy v. Kings Cty. Republican Cty. Comm.*, 459 F.2d 308, 314 (2d Cir. 1972)(declining to "extend the Equal Protection requirement of the Fourteenth Amendment to votes taken by the county committee in the conduct of its internal party affairs which have no direct relation to the electoral process")(internal citations omitted); *Thompson v. Rizzitelli*, No. 3:10CV71 JBA, 2011 WL 1215190, at *4 (D. Conn. Mar. 29, 2011)(allegations of unconstitutional wrongdoing in the internal workings of a political party that extend beyond a claim of racial discrimination in a party's endorsement, are not "state action"); *Max v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198, 202 (3d Cir.2009) (holding that a political party's endorsement of a candidate in a primary does not make it a state actor for all purposes related to its endorsement or a primary election); *Fahey v. Darigan*, 405 F. Supp. 1386, 1391 (D. Rhode Is.1975)("the Equal Protection Claus is not implicated in the mere endorsement of a candidate as the party's pick to succeed in a primary election . . the party primary is still held and it is left to the voters to accept or reject the endorsing committee's choice"); *Snyder v. Third Dep't Judicial Screening Comm.,* 18 A.D.3d 1100, 1101 (3d Dep't 2005)(judicial screening committee that submits subjective rankings of judicial candidates to governor, who then appoints based upon his own discretion, was not performing a "government function" and therefore was not subject to FOIL or other rules related to government actors); *Neuman v. Ocean Cty. Democratic Cty. Comm.*, No. CV 16-2701 (FLW), 2017 WL 396443, at *5 (D. N.J. Jan. 30, 2017)("Plaintiff is correct that the [political party] has a role as a state actor in primary elections, but that does not make all of [the political party's] actions state actions . . ."); *Valenti v. Pennsylvania Democratic State Committee*, 844 F. Supp. 1015, 1019 (M.D. Pa. 1994)(declining to elevate internal party issues to a constitutional level); *Blank v. Heineman*, 771 F. Supp. 1013, 1014-15 (D. Neb. 1991)(same).

5

### B.     Plaintiff's Claims Pertain to the Internal Affairs of the Committee.

In this case, as Plaintiff concedes, the Judicial Committee was not created pursuant to state

law; the creation of the Committee was pursuant to an internal decision of the Kings County

Democratic Committee. (Tr. of Aug. 3, 2017 Hrg. at 12.) The recommendations of the Committee

are not binding on the convention or any party member.   Under party rules, a report of "not

recommended" from the Committee precludes the Executive Committee from endorsing that

candidate prior to the judicial convention but it does not prevent either the members of the

Executive Committee or members of the convention generally from placing the candidate's name

in nomination and it does not limit the voting of any member of the convention in any way. *See*

Ex. 8 to the Amended Complaint at ¶ 4.

Furthermore, on multiple occasions Plaintiff's counsel has admitted that his client's

claims have nothing to do with ballot access. *See e.g.,* Tr. of Jan. 19, 2017, Hrg. at 22.   Thus, the

cases she cites that deal directly with ballot access, such as *Montano v. Lefkowitz*, 575 F.2d 378,

n. 7 (2d Cir. 1978) and *Yassky v. Kings Co. Democratic Comm.*, 259 F. Supp. 2d 210 (E.D.N.Y.

2003) are clearly distinguishable. *See* Tr. of Aug. 3, 2017, Hrg. at 6-8; 14-16.

Instead, Plaintiff's claims exclusively pertain to the internal workings of the Judicial

Screening Committee.  The claims specifically relate to whether Plaintiff's equal protection rights

were violated by the Committee's alleged failure to follow its own Internal Rules[1] Nos. 9, 10, 20

---

[1]      Even if Plaintiff is correct that the Committee violated its own rules, it is axiomatic that
such a violation is not enough to state a claim for Section 1983 relief. *Weiss v. Inc. Vill. of Sag
Harbor*, 762 F. Supp. 2d 560, 573 (E.D.N.Y. 2011)("the mere labeling of plaintiff's claims as
arising under the Constitution does not transform them into legitimate constitutional claims for
purposes of § 1983"), citing *Powers v. Coe*, 728 F.2d 97, 105 (2d Cir.1984)(violation of a statute
or rule is insufficient to state a claim under Section 1983), citing *Gomez v. Toledo*, 446 U.S. 635,
640 (1980).  The fact that a case involves political elections does not change the analysis. *Weiss,*
762 F. Supp. 2d at 573, citing *Kasper v. Bd. of Election Comm'rs of the City of Chicago*, 814 F.2d
332, 342 (7th Cir.1987) ("The district court has no supervisory powers and no authority to instruct
the Board [of Elections] how to follow state law. A violation of state law does not state a claim

and 31.b.  These rules pertain to (a) the language to be used by the Committee to find a judicial candidate either qualified, not-qualified at this time, or not recommended (in the case of an incumbent judge),[2] (b) the materials a candidate should bring to the Committee if "areas of concern" have been identified, and (c) the steps candidates can take to avoid "publication of the Committee's findings."  Complaint at ¶¶ 25-26.

These Rules, and the way in which the Committee interprets the Rules, represent the Committee's inner workings as it merely recommends a candidate for nomination.  These are precisely the type "internal affairs" of a political party with which courts have universally declined to interfere. *New York State Board of Elections v. Lopez Torres,* 552 U.S. 196 (2008)("[a] political party has a First Amendment right to limit its membership as it wishes, and to choose a candidate-selection process that will in its view produce the nominee who best represents its political platform"); *Cal. Democratic Party v. Jones*, 530 U.S. 567, 574 (2000) ("In no area is the political association's right to exclude more important than in the process of selecting its nominee.... The First Amendment reserves a special place, and accords a special protection, for that process ... because the moment of choosing the party's nominee is the crucial juncture at which the appeal to common principles may be translated into concerted action, and hence to political power.") (internal citation omitted); *Roberts v. United States Jaycees*, 468 U.S. 609, 623 (1984) ("There can

_____

under § 1983.... That this case involves elections does not matter. [The Supreme Court has held] that a deliberate violation of state election laws by state election officials does not transgress against the Constitution.") (internal citations omitted).

[2] Plaintiff's semantic argument is patently frivolous.  Plaintiff makes much of the fact that Defendant Edelman's letter to her of May 26, 2016, advises her that the Committee found her "not qualified" (Ex. 14 to the Amended Complaint), but is clear that, under the Committee's rules, the designation for a sitting judge not recommended by the Committee is "not recommended," and that was the report the Committee intended to make to the Executive Committee before Plaintiff withdrew her candidacy.  *See* Ex. 9 at 2-3 and Exs. 16 and 17 to the Amended Complaint.

be no clearer example of an intrusion into the internal structure or affairs of an association than a regulation that forces the group to accept members it does not desire.... Freedom of association therefore plainly presupposes a freedom not to associate.") (internal citation omitted); *Democratic Party of United States v. Wisconsin*, 450 U.S. 107, 122 n.22 (1981) ("'Freedom of association would prove an empty guarantee if associations could not limit control over their decisions to those who share the interests and persuasions that underlie the association's being.' ") (internal citation and quotations omitted); *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986) (state statute mandating closed primary violates the First Amendment rights of the party to choose the primary method of its choice.); *Max v. Republican Committee of Lancaster County*, 587 F.3d 198 (3d Cir. 2009)(Republican county committee was not a state actor merely because it endorsed candidates.).

Finally, in *Kurzon v. Democratic National Committee*, 197 F. Supp. 3d 638 (S.D.N.Y. 2016), Judge Oetken held that a voter did not have a constitutional right to challenge the method by which delegates to the Democratic National Committee were chosen. Citing *Lopez Torres*, the court held that plaintiff could not compel nominating procedures "that guarantee his preferred candidate a "fair shot" at winning a parties nomination." *Id.* at \*3. The court further held that any injunction requiring the party to adopt a different selection method would interfere with the party's First Amendment right to choose its own candidate recommendation process. The court also noted that it was unlikely that plaintiff would succeed in showing that the party, in choosing a method of selecting its delegates, was engaged in state action. *Id.* at \*3, n.1.

Even if all of Plaintiff's claims are true, her claims fail because each of them pertains to the internal workings of the Committee and to its candidate selection process, which is (1) unrelated to any state action and (2) goes to the heart of the party's First Amendment freedom-of-association rights. Thus, her claims should be dismissed.

8

II.    **Plaintiff Cannot Allege a "Class of One."**

Even if the Committee was acting under color of state law, and it was not, Plaintiff's equal protection claims must fail.  She cannot and has not stated a "class of one" claim for at least two reasons.  First, a claim cannot be stated where the act involves "discretionary decision-making based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 602 (2008)("[T]reating like individuals differently is an accepted consequence of the discretion granted.").  Second, Plaintiff must allege – and she has not and cannot allege -- that she was "treated differently than someone who is *prima facie* identical in all relevant respects' ".  *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 199–200 (E.D.N.Y. 2013)(emphasis added), quoting *Prestopnik v. Whelan,* 249 F. App'x. 210, 212 (2d Cir. 2007).

A.    **The Committee's Actions Were Discretionary and Cannot Be the Basis of a "Class of One Claim".**

The Committee's candidate selection process was based upon a discretionary analysis by party members interested in choosing the political candidate who best suited the party's political platform.  Such an analysis is by its terms discretionary and based upon a wide variety of factors that are difficult to quantify.

"Employment decisions are quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify." *Engquist,* 553 U.S. at 604.  *Engquist* and its progeny confirm that even employment action taken for "arbitrary, vindictive and malicious reasons" directed only at one person cannot form the basis of an equal protection claim.  *Id.* at 601; *see Conyers v. Rossides*, 558 F.3d 137, 150-52 (2d Cir. 2009)(discretionary action cannot form the basis of an equal protection claim); *Ponterio v. Kaye*, 328 Fed. Appx. 671 (2d Cir. 2009)(same); *Silverstein v. Lawrence Union Free School District*, 2011 WL 1261122, *8 (E.D.N.Y. Feb. 15,

2011), adopted, 2011 WL 1261114 (E.D.N.Y. March 30, 2011); *Pignanelli v. Pueblo School Dist. No. 60*, 540 F.3d 1213, 1220 (10th Cir. 2008)(citing *Engquist*, school board's decision to allow teacher's contract "to lapse rather than rehire her into a position for which she was unqualified does not raise constitutional concerns"); *Brackin v. Anson*, 585 F. App'x. 991, 995 (11th Cir. 2014)(same); *Mancuso v. Dunbar*, 2010 WL 466004, at *8 (D. Conn. Feb. 5, 2010)(an employee alleging he was treated differently than other employees and terminated without justification for reasons other than those stated in department policy does not "give rise to a cognizable equal protection claim").

Because discretionary acts cannot form the basis of a "class of one" claim, Plaintiff's allegations that her equal protection rights were violated by the discretionary acts of the Committee are baseless.

**B.      None of Plaintiff's Comparators are Identical in All Relevant Respects.**

Even if "class of one" claims applied to public employees such a Plaintiff - and they do not - - - it is black letter law that Plaintiff in a "class of one" equal protection claim "must demonstrate that she was treated differently than someone who is prima facie identical in all relevant respects." *Prestopnik*, 249 F. App'x at 213, citing *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005) overruled on other grounds by *Appel v. Spiridon,* 531 F.3d 138 (2d Cir. 2008); *Gregory v. Inc. Vill. of Centre Island*, 2015 WL 5093623 (E.D.N.Y. 2015); *Crippen v. Town of Hempstead*, 2013 WL 1283402 (E.D.N.Y. 2013); *Ferriera v. Town of East Hampton*, 56 F.Supp.3d 211, 232-33 (E.D.N.Y. 2014); *Vittieri v. Inc. Village of Bayville*, 831 F. Supp. 2d 583 (E.D.N.Y. 2011). "This requires a showing that the level of similarity between the plaintiff and the person(s) with whom she compares herself is 'extremely high'—so high (1) that 'no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy,' and (2) that 'the

similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake.' *Prestopnik*, 249 F. App'x at 213. The Plaintiff must also show that the Defendant intentionally treated her differently in a way that was "irrational and wholly arbitrary." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000).

Plaintiff's complaint lacks any comparators that satisfy the standard. Her claims boil down to: As a sitting judge, Plaintiff applied to the Committee as a candidate for re-election and was (a) not told about "concerns" prior to her interview, (b) after the interview was told the Committee had found her "not qualified" when the Committee's rules use the term "not recommended" for sitting judges, and (c) that she withdrew her candidacy to avoid the Committee "publishing" its findings, but (d) the media nonetheless learned she had not been recommended by the Committee.

Not one of Comparators used by Plaintiff is a sitting judge who was found "not recommended" by the Committee. This is relevant to the alleged procedural violations that Plaintiff claims occurred after she was not recommended by the Committee. Certainly the public and press have a heightened interest in knowing the circumstances surrounding the fact that an incumbent judge is not running for re-election.[3] The circumstances of a first-time candidate applying to the committee is completely different and such a candidate is not similar to a sitting judge, and therefore cannot be used as a comparator. Plaintiff has not named one sitting judge as a comparator for her Rule 9, Rule 20 or Rule 31.b claims.

Furthermore, Plaintiff provides no details at all about the two sitting judges that she uses as comparators for her Rule 10 claim. She does not, for instance, provide any information about the judge's records, the number of cases handled each year, the number of trials, the number of

---

[3] *See e.g.* "The public, clearly, has a vital interest in the performance and integrity of its judiciary" and in "the free flow of information to the people concerning the performance of their public official." *Rinaldi v. Holt, Rinehart & Winston, Inc.*, 42 N.Y.2d 369, 380 (1977).

cases overturned on appeal for each of the other judges, nor does she provide any details about the judges that would indicate that they are similar in any way except for the fact that they too were incumbent judges.

Because Plaintiff has provided not a single comparator who was a sitting judge who was found recommended by the Committee, she is speculating that she was treated differently than another, mythical sitting judge, would have been treated in the same circumstances. This is not the law and the avoidance of such speculation is precisely why a class-of-one claim requires the identification of identical comparators. Plaintiff does not name even one and thus, her claims should be dismissed.

### III.    Plaintiff Does Not Have a Property Interest that is Entitled to Constitutional Protection.

A candidate for judicial office, even an incumbent, simply has no constitutionally protected property right in that office or in being treated in any particular manner. *Swartz v. Mayor's Committee on the Judiciary of the City of New York*, 816 F.2d 54 (2d Cir. 1987); *Levine v. McCabe*, 357 F.Supp.2d 608, 617 (E.D.N.Y. 2005) *aff'd* 327 F. App'x. 315 (2d Cir. 2009). While plaintiff couches her claims as one for denial of equal protection, she actually claims that procedural irregularities in the review process deprived her of her constitutional rights. But there can be no constitutional deprivation, even if the irregularities occurred (which they did not), since plaintiff has no property interest in the office to which she was seeking re-election.

### IV.    Because Plaintiff Cannot Establish a Constitutional Claim, Her Claim of Conspiracy to Commit a Constitutional Violation Also Fails.

Plaintiff's claim that Defendants took part in a conspiracy to violate her constitutional rights also fails. To state a claim of conspiracy pursuant to Section 1983, a Plaintiff must demonstrate (1) an agreement between two or more state actors or between a state actor and a private actor, (2) an act in concert to inflict an unconstitutional injury, and (3) an overt act done in

furtherance of that goal, causing damages. *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). In other words, in order to recover for a Section 1983 conspiracy claim, Plaintiff must prove that her constitutional rights were actually violated. *Birnbaum v. Trussell*, 371 F.2d 672, 676 (2d Cir. 1966); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995).

Defendants did not, but even assuming that Defendants actually intended to deprive Plaintiff of her constitutional rights, agreed accordingly, and then took overt actions in furtherance of such an agreement, Plaintiff's conspiracy claim still fails because Plaintiff cannot establish an equal protection or other constitutional claim.

**V.    The Committee Members Have Qualified Immunity.**

Even if the members of the Committee were state actors, and even if the plaintiff asserted valid equal protection claims, the Committee members would still be entitled to dismissal on the grounds of qualified immunity because the Committee did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Matusick v. Erie County Water Authority*, 757 F.3d 31, 60 (2d Cir. 2014)(the right plaintiff claims is violated under Section 1983 must be "clearly established at the time [defendants] acted"). Discretionary functions of a "governmental" body are entitled to qualified immunity if the conduct of the individuals does not violate clearly established statutory or constitutional rights that a reasonable person would have known about. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity applies if the official's mistake is a mistake of law, mistake of fact, or mistake based on mixed questions of law and fact. *Pearson v. Callahan,* 129 S. Ct. 808, 815 (2009). The purpose of qualified immunity is to protect officials when they must make difficult "on-the-job" decisions. *Zieper v. Metzinger,* 474 F.3d 60, 71 (2d Cir.2007). Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law" by giving "ample room for mistaken judgments." *Id.*, *quoting Hunter*

*v. Bryant,* 502 U.S. 224, 229, (1991).

Here, as outlined above, there is no clearly established constitutional right of sitting judge who is a potential candidate for office to be treated in any particular manner by a screening committee that recommends such candidates to a party nominating candidates.  Plaintiff's counsel conceded at oral argument that "there's not much jurisprudence in this area," (Aug. 3, 2017 Tr. at 9)  and Plaintiff has not cited a single precedent holding that such committee members are state actors or that an alleged violation of such a committee's procedural rules results in a constitutional violation.  Given the absence of such decisional guidance, the committee members are entitled to immunity from liability for any damages.  *White v. Pauly*, 137 S. Ct. 548, 552 (2017)("As this Court explained decades ago, the clearly established law must be 'particularized' to the facts of the case" in order to deny a defendant qualified immunity)(internal citations omitted); *Mullenix v. Luna*, 136 S. Ct. 305, 308–09 (2015)(same); *Taylor v. Barkes*, 135 S. Ct. 2042, 2045 (2015)(unless there is particularized precedent "on the books" conforming to the facts of the case, there is no clearly established law that would bar dismissal based upon qualified immunity).   Qualified immunity protects all but "the plainly incompetent or those who knowingly violate the law." *Taylor*, 135 S. Ct. at 2044.

Plaintiff's argument that the Committee has no entitlement to immunity because immunity can be granted only to individuals is simply wrong.  The Committee is nothing more than its individual members, each of whom is being sued in his or her individual capacity.  There is no legal entity to be held accountable – the Committee itself has no juridical existence, no assets and no recognizable form except as a group of individuals.  The capacity of an entity to sue or be sued is determined under state law.  E.g. *E. Metals Corp. v. Martin,* 191 F. Supp. 245, 254 (S.D.N.Y. 1960).  Under New York law, a committee of a political party is not a legal entity with the capacity to sue or be sued.  *96 Fifth Ave. Corp. v. Greenberg*, 180 Misc. 614, 617, 44 N.Y.S.2d 231, 233

14

(N.Y. Mun. Ct. 1943), *aff'd* sub nom. *96 Fifth Ave. Realty Corp. v. Greenberg*, 181 Misc. 142, 47 N.Y.S.2d 222 (App. Term 1944); and *see Ass'n for Pres. Of Freedom of Choice, Inc. v. Wadmond*, 215 F. Supp. 648, 650 (S.D.N.Y. 1963)(committee that functioned in advisory capacity to the Court had no capacity to sue or be sued); *In re RCN Litig.*, No. 04-5068 (SRC), 2006 WL 753149, at *5 (D. N.J. Mar. 21, 2006)(ERISA committee had no separate existence and no capacity to sue or be sued).

In any case, even if the unincorporated Committee could somehow be considered a separate legal entity (and it is not), each individual member should still be dismissed from the suit based upon qualified immunity.

Plaintiff's assertion that qualified immunity cannot be considered at the pleading stage is contrary to the very purpose of qualified immunity, which is "an entitlement" of § 1893 defendants "not to stand trial or face the other burdens of litigation." *Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998). Indeed, the court is obligated to consider qualified immunity at the earliest stage in the case to protect defendants from liability and from having to defend against claims. *Pearson*, 129 S. Ct. at 232. *Hunter v. Bryant*, 502 US 224, 227 (1991)("[Beccause of the need to protect defendants from the burden of suit], we repeatedly have stated the importance of resolving immunity questions at the earliest possible stage in litigation.") If, as here, after "drawing every factual inference in favor of the plaintiff, the question is purely the state of the law at the time of a defendant's allegedly tortious conduct" qualified immunity may be determined on a motion to dismiss. *See Birch v. City of New York*, 184 F. Supp. 3d 21, 28 (E.D.N.Y. 2016), *aff'd*, 675 F. App'x 43 (2d Cir. 2017)(finding on a motion to dismiss that officers had qualified immunity).

Finally, Plaintiff argues that there can be no qualified immunity for Defendants because "in this Complaint, factual allegations are soaked in prior intent, malice of the defendants, that they're punishing this person and denying her the benefit of mandatory rules." Tr. of Aug 3, 2017,

Hrg. at 41. But Plaintiff misconstrues the standard for qualified immunity. The question is not whether the act is intentional or negligent, but rather, whether "at the time of the challenged conduct there was no 'clearly established law' that such conduct constituted a constitutional violation." *Lynch v. Ackley*, 811 F.3d 569, 578 (2d Cir. 2016). And such clearly established case law must place "the statutory or constitutional question beyond debate." *White*, 137 S. Ct. at 551.

## VI.   Plaintiff's Claim for Libel and Slander Should Be Dismissed Because Defendants' Alleged Statements Are Protected Opinion.

New York law is clear: "Expressions of opinion . . . are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation." *Mann v. Abel*, 10 N.Y.3d 271, 276 (2008). *Accord Rinaldi v. Holt, Rinehart & Winston, Inc.*, 42 N.Y.2d, 369, 380 (1977) ("However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." (quotation omitted)). "Whether a particular statement constitutes an opinion or an objective fact is a question of law." *Mann*, 10 N.Y.3d at 276.

Opinions concerning the judiciary are particularly worthy of protection because the "[t]he public, clearly, has a vital interest in the performance and integrity of its judiciary" and in "the free flow of information to the people concerning the performance of their public official." *Rinaldi*, 42 N.Y.2d at 380. As the New York Court of Appeals found in a defamation action brought by a Supreme Court justice, "[e]specially in a State in which Judges are elected to office, comments and opinions on judicial performance are a matter of public interest and concern . . . . The expression of opinion, even in the form of pejorative rhetoric, relating to fitness for judicial office or to performance while in judicial office, is safeguarded . . . . Plaintiff may not recover from defendants for simply expressing their opinion of [her] judicial performance, no matter now unreasonable, extreme or erroneous these opinions might be." *Id.* at 380-81.

Plaintiff's cause of action for libel and slander clearly fails to state a claim under New York law. Plaintiff alleges Defendants defamed her by stating that she is "unqualified" and by criticizing her reputation, intellect, work ethic, and general judicial capabilities. These are *exactly* the sorts of statements the New York Court of Appeals found to be protected opinion in *Rinaldi*. *See Rinaldi*, 42 N.Y.2d at 381 ("To state that a Judge is incompetent is to express an opinion regarding the Judge's performance in office. Likewise, to advocate a Judge's removal from office is to express the opinion that the Judge is unfit for his office . . . . Plaintiff may not delimit that debate by seeking to punish, through libel damages, those who would contribute to the debate through the circulation of strong, even harsh, contrasting opinions."); *see also id.* ("Judicial office is not a place for those who are oversensitive to comments made in the public press."). *Accord Williams v. Varig Brazilian Airlines*, 169 A.D.2d 434, 438 (1st Dep't 1991) ("[S]uch statements as accusing a college professor of 'lying, deceiving, making false promises, not advising, ill advising, misleading' and contending that certain property owners 'are very difficult to deal with' have been held to be protected expressions of opinion in *Epstein v. Board of Trustees of Dowling College,* 152 A.D.2d 534, 535, 543 N.Y.S.2d 691 (2d Dep't 1989) and *Levittown Norse Associates v. Joseph P. Day Realty Corp.,* 150 A.D.2d 263, 541 N.Y.S.2d 421 (1st Dep't 1989), respectively. Plainly, comments . . . concerning plaintiff's work and attitude are expressions of opinion which, as a matter of law, do not constitute defamatory statements."); *Seung Jin Lee v. Tai Chul Kim*, 16 Misc. 3d 1118(A), 847 N.Y.S.2d 899, at *5 (Sup. Ct. Nassau Cnty. Aug. 2, 2007) ("Any claim for defamation based on the statements allegedly made in September of 2005 to the effect that Plaintiff is *not qualified* to be pastor [etc.] are similarly found to not rise to the level of defamation." (emphasis added)).

Although Plaintiff may feel aggrieved, the proper forum in which to challenge the alleged offending statements is not a legal action. Rather, open debate is the remedy of choice. *See*

*Rinaldi*, 42 N.Y.2d at 380 ("Erroneous opinions are inevitably put forward in free debate but even the erroneous opinion must be protected so that debate on public issues may remain robust and unfettered and concerned individuals may have the necessary freedom to speak their conscience."); *see also New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964) ("Thus we consider this case against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.").

Finally, it is no answer to say, as Plaintiff does in her pre-motion letters, that the published statements constitute defamation *per se*. Even if that were true, Plaintiff's claim nonetheless fails because, as explained above, Defendants' alleged statements are opinion. *Shor Int'l Corp. v. Eisinger Enterprises, Inc.*, No. 90-CV-2353, 2000 WL 1793389, at *5 n.1 (S.D.N.Y. Dec. 5, 2000) ("If a statement constitutes defamation per se it merely means that a plaintiff need not plead and prove special damages. It does not mean that the other elements of a defamation claim can be ignored." (citation omitted)). *See also Treppel v. Biovail Corp.*, No. 03-CV-3002, 2004 WL 2339759, at *15 (S.D.N.Y. Oct. 15, 2004) ("protected opinion [ ] cannot support claims for defamation and defamation *per se*."); *Daniels v. Provident Life & Cas. Ins. Co.*, No. 00-CV-0668E, 2002 WL 31887800, at *6 (W.D.N.Y. Dec. 4, 2002) ("It has already been determined that defendant's statements . . . are non-actionable opinion. Thus, whether or not such statements constitute defamation *per se* is immaterial and plaintiff's argument to that effect is insufficient to overcome this Court's threshold determination that such statements are non-actionable opinion.").

## VII. Plaintiff Fails to State a Contract Claim.

Plaintiff's contract claims are equally baseless. They are based upon defendant's alleged breach of the Committee's rules concerning notice of Committee concerns and disclosure of confidential Committee deliberation. But Plaintiff has no standing to assert breach of contract

18

based upon the Committee's rules because she is not a member of the Committee.

New York law is clear that an organization's rules do not create contractual rights except for those who are members of the group that creates the rules. *See Stolow v. Greg Manning Auctions Inc.*, 258 F. Supp. 2d 236, 249 (S.D.N.Y. 2003); *see also Kurzon,* 197 F. Supp. 3d at 644.

## VIII.   Plaintiff Fails to State a Constitutional Claim Under the New York State Constitution.

Plaintiff's state constitutional claims fail for all the same reasons set forth with regard to the federal claims, i.e., the Committee is not a state actor; Plaintiff can assert no class of one equal protection claim; and the conspiracy claims fail because there are no valid constitutional claims.

## IX.   Plaintiff Has No Valid Claim for Injunctive Relief.

The injunctive relief sought by Plaintiff in her Amended Complaint is both moot and unlawful.  Plaintiff seeks an order (i) mandating that defendants find Jacobson "qualified," (ii) prohibiting Defendants from making false statements concerning the Screening Committee findings about her such as "not qualified" and "unqualified," (iii) prohibiting Mr. Edelman and other individual Defendants from serving on the Screening Committee, and (iv) enjoining further violations of the Screening Committee's rules.

First, Plaintiff rendered moot her request to be found "recommended" by the Screening Committee when she withdrew her candidacy from consideration and when she expressly advised the Court that she was not seeking ballot access. *See Fox v. Board of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir.1994) (holding that student's claim for injunctive relief against university was moot because student had graduated); *Ringgold v. United States*, 553 F.2d 309, 310 (2d Cir.1977) (holding that cadet's request to enjoin the military was moot because he had resigned and a decision by the court "would not now affect him").

Second, the Supreme Court has repeatedly struck down injunctions on speech. "An injunction against speech is the very prototype of the greatest threat to First Amendment values, the prior restraint." *Madsen v. Women's Health Ctr., Inc.,* 512 U.S. 753, 797 (1994). And a "prior restraint on expression comes [with] a 'heavy presumption' against its constitutional validity," *Organization for a Better Austin v. Keefe,* 402 U.S. 415, 419, 91 S. Ct. 1575, 1578 (1971) (quoting *Carroll v. President and Comm'rs of Princess Anne,* 393 U.S. 175, 181, 89 S. Ct. 347, 351, 21 L.Ed.2d 325 (1968)), Even injunctions forbidding the publication of "malicious, scandalous, or defamatory material" have been struck down by the Supreme Court as unlawful prior restraints because such injunctions are "not aimed at the redress of individual or private wrongs" but are entered as "punishment." *Lawson v. Murray*, 515 U.S. 1110, 1113, 115 S. Ct. 2264, 2266, 132 L. Ed. 2d 269 (1995)(internal citations omitted)("The danger that speech-restricting injunctions may serve as a powerful means to suppress disfavored views is obvious enough even when they are based on a completed or impending violation of law").

Similarly, Plaintiff's request to enjoin Mr. Edelman and others from serving on the Screening Committee in the future is moot. Even if Plaintiff were correct that Mr. Edelman and others cannot serve on the Committee because they do not have a law office in King's County (and she is not correct),[4] such a request is moot and would provide Plaintiff with no relief because she no longer has an application before the Committee.

As such, Plaintiff's claim for injunctive relief should be dismissed in its entirety.

---

[4] Paragraph 7 of the Democratic Party Rules clearly state that every member of the Screening Panel "must maintain a residence or employment/practice in the Second Judicial District and be an enrolled member of the Democratic Party." Ex. 8 to the Amended Complaint at ¶ 7. Thus, it is clear that attorney members who have a practice in the Second Judicial District are eligible to be members of the Committee. The Rule does not require a physical legal office in the Second Judicial District.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Amended Complaint be dismissed in its entirety.


Dated:  October 6, 2017

BOIES, SCHILLER & FLEXNER LLP

George F. Carpinello
Teresa A. Monroe
Marc Singer
30 South Pearl Street, 11th Floor
Albany, NY  12207
Ph:  (518) 434-0600

*Attorneys for Defendants Martin Edelman,*
*Steven Finkelstein, Steve Decker and*
*Abayomi Ajaiyeoba and the unnamed*
*members of the Judicial Screening*
*Committee for the Democratic Party of*
*King's County ("Committee")*